# In the United States Court of Federal Claims

Steven J. Lalliss, MD

                                Plaintiff(s),

v.

THE UNITED STATES,

                                Defendant.

Case No. 25-208C

Judge _____

## COMPLAINT

Your complaint must be clearly handwritten or typewritten, and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space, you may use another blank page. A fillable pdf is available at http://uscfc.uscourts.gov/filing-a-complaint.
If you intend to proceed without the prepayment of filing fees (*in forma pauperis* (IFP)), pursuant to 28 U.S.C. § 1915, you must file along with your complaint an application to proceed IFP.

1. **JURISDICTION.** State the grounds for filing this case in the United States Court of Federal Claims. The United States Court of Federal Claims has limited jurisdiction (*see* e.g., 28 U.S.C. §§ 1491-1509).

2. The United States Court of Federal Claims has jurisdiction and venue over this action pursuant to 28 U.S.C. § 1491(a)(1) and (2) and 5 U.S.C. § 5596(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1491(a)(1).

4. Plaintiff has exhausted his appellant rights through the U.S. Office of Special Counsel and the Merit Systems Protection Board (MSPB). The Administrative Judge adjudicating the plaintiff's MSPB appeal refused to hear evidence that the Department of Veterans Affairs committed an unjustified personnel action as defined by 5 U.S.C. § 5596(b) when the Agency failed to follow applicable laws, rules, regulations, and collective bargaining agreements in its decision to terminate the plaintiff from employment on March 6, 2019 (see exhibit 1).

5. Amount estimated to be due to the plaintiff is based on federal laws 38 U.S.C. §§ 7404, 7411, and 7431, 28 U.S.C. § 1491, 5 U.S.C. §§ 5596 and 8432, and 5 U.S.C. § 8411.

Received - USCFC

FEB 03 2025

A-5

## 2. PARTIES

Plaintiff, Steven J. Lalliss , resides at 4433 Cheval Way
                                         (Street Address)

Roseville, CA 95747                    , (904) 662-4446
(City, State, ZIP Code)                   (Telephone Number)

If more than one plaintiff, provide the same information for each plaintiff below.

_____

_____

## 3. PREVIOUS LAWSUITS. Have you begun other lawsuits in the United States Court of Federal Claims?   ☐ Yes ☑ No

If yes, please list cases: _____

_____

## 4. STATEMENT OF THE CLAIM. State as briefly as possible the facts of your case. Describe how the United States is involved. You must state exactly what the United States did, or failed to do, that has caused you to initiate this legal action. Be as specific as possible and use additional paper as necessary.

INTRODUCTION

1. This action seeks the recovery of back pay, allowances, differentials, interest, restoration to office or position, reasonable attorney fees, annual and sick leave owed, and creditable service for retirement purposes during the time of the unwarranted action pursuant to 5 U.S.C. § 5596(b), 28 U.S.C. § 1491(a)(1)(2), and 5 U.S.C. § 8411 during the period from March 6, 2019 to present.

2. On October 23, 2017, Plaintiff, an orthopedic surgeon, accepted an offer of employment by the Department of Veterans Affairs to start on October 29, 2017 (see Exhibit 2).

3. Plaintiff was appointed pursuant to 38 U.S.C. 7401(1) and assigned to work at the Department of Veterans Affairs, Northern California Health Care System during the relevant time period.

4. VA Directives and Handbooks have operationalized 38 U.S.C. § 7403 and defined its terms.

5. VA Handbook 5005 provides rules and regulations for the recruitment, employment, promotion, and reductions of staffing at the VA. Specifically, Part II, Chapter 3, Section C directs the functions, establishment, types, composition, and approving authorities of Professional Standards Boards for physicians hired under authority of 38 U.S.C. § 7401.

6. See additional pages

**5. RELIEF.** Briefly state exactly what you want the court to do for you.

1) Enter judgment declaring that Defendant violated 38 U.S.C. §7403 (b) (4) by selecting a board contrary to regulations.

2) Award the plaintiff monetary relief in the form of back pay including base pay, market pay, and performance pay in accordance with 38 U.S.C. §7431.

3) Award interest for the back pay accrued since March 6, 2019 until such judgement is reached, creditable service for retirement, and reasonable legal fees.

4) Award accrued leave, both annual and sick, for the time period from March 6, 2019 until judgement is reached, and such other legal relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __31st__ day of __January__, __2025__.
    (day)     (month)    (year)

LALLISS.STEVEN.JOHN.1187128311  Digitally signed by LALLISS.STEVEN.JOHN.1187128311
Date: 2025.01.31 17:19:57 -08'00'

Signature of Plaintiff(s)

*Additional pages of Complaint*

7. All physicians initially appointed to federal service under 38 U.S.C. § 7403 (b) will serve for a probationary period of two years. The record of each person serving under such an appointment in the Medical, Dental, and Nursing Services shall be reviewed from time to time by a board, **appointed in accordance with regulations of the Secretary**. If such a board finds that such person is not fully qualified and satisfactory, such person shall be separated from the service. (emphasis added)

8. All references to VA Handbooks and Regulations are as of March 2019, the date that the plaintiff was terminated. Changes to the VA Handbooks are made periodically; however, those regulations in force at the time of the adverse action on March 6, 2019, would be controlling, unless the changes made were specifically and legally deemed retroactive.

9. VA Handbook 5021 Part III Chapter 1 directs the review of the performance of probationary employees appointed under 38 U.S.C. § 7401 (1). VA Handbook 5021 specifies that "the establishment, membership and composition of Professional Standards Boards, as prescribed in VA Handbook 5005, part II, chapter 3, will be applicable to probationary reviews."

10. VA Handbook 5005 Part II, Chapter 3, Section C, Paragraph 2 names four types of Professional Standards Boards: national, regional, VISN, and facility. According to VA regulations, no "one-time" Professional Standards Board (PSB) exists or should exist.

11. Further, VA Handbook 5005 Part II, Chapter 3, Section C, Paragraph 3 mandates that "Board members must be at a grade and level that is equal to or higher than that of the candidate being considered."

12. According to VA Handbook 5005 Part II, Chapter 3, Section C Paragraph 3, "Upon initial and all subsequent appointments to a Board, whether a facility, VISN, or national Board, all appointees, including the Chair, members, and the Secretary, **must** take the Professional Standards Board training." (emphasis added)

13. VA Handbook 5021 Part III Chapter 1 specifically mandates that "Summary reviews will be conducted by the Professional Standards Boards listed in paragraph 2 above. Persons in a position to prejudice the action of a Board, such as an employee's immediate or second level supervisor, may not serve on the Board."

14. VA Handbook 5021 Part III Chapter 1 also delineates five employee rights.

>Employees subject to summary Board review have the right to:
>(1) Advance written notice of the Board review.
>(2) Review documents relied upon by officials in initiating or recommending a

1

summary Board review, subject to applicable disclosure restrictions.
(3) Impartial review by the Board.
(4) Reply orally and/or in writing to the Board concerning the reasons for the review.
(5) Be represented by an individual of the employee's choice, provided the choice would not create a conflict of interest.

15. VA Handbook 5005 Part II Appendix P paragraph 2 specifically calls for the following procedures in selecting members of a PSB:

> a. Approving officials, or designees, will solicit applications for PSB members annually from all interested employees. Unions will also be asked for employee recommendations for PSB membership. These applications and recommendations will comprise the selection pool.
>
> b. When reviewing applications and Union recommendations, the selecting official will consider such criteria as the employee's quality and quantity of experience in the occupation, the employee's most recent performance appraisal, the employee's conduct and disciplinary record, and other appropriate criteria determined by the Service Chief and VISN Medical Officer in consultation with the Human Resources Manager.
>
> c. The employees selected for the initial Board will serve either a 1-year, 2-year, or 3-year term. At the end of each of these initial terms, all new members will be selected to serve a 2-year term. Thus, members will rotate off the Board on a staggered basis and there will always be at least one member remaining on the Board from the previous year.
> d. Selections for the Boards will be made by the Facility Director, the VISN Director, or the Program Director, as appropriate.
>
> e. The Chair of the Board will notify all applicants if they were qualified or not. Unqualified applicants will be informed of which criteria they did not meet.
>
> f. Unions will be notified of the selections for the boards and may express concerns regarding those selections to management.

16. These rules are in place to protect employees from biased PSBs, ensure that Union representation has a voice in the selection of board members, and is mandated in the VA employee Master Agreement.

17. The Union's Article 58, Professional Standards Board, for the VA AFGE Master Agreement states:

> A. The Union may submit names of candidates for Professional Standards Boards. The Department will give serious consideration to

appointing from the candidates recommended by the Union.

B. Employees normally will be reviewed annually by the Professional Standards Board.

### Facts

18. On or about November 29, 2018, Doctor Scott Hundahl (plaintiff's second-line supervisor) called for a "One Time Probationary Review" of the plaintiff, Doctor Lalliss, naming four individuals to the Professional Standard Board. The selection of these members of the board violated at least five separate VA Handbook regulations and Union Agreements (see exhibit 3).

19. The following violations occurred; each one makes the PSB illegitimate:

> 1) Doctor Hundahl's own secretary, Carol Ross, who is an administrative assistant and G7 employee, was called as secretary to the board. The secretary must, as must all members, be of equal or higher than the candidate or employee being reviewed.
>
> 2) Doctor Hundahl selected three of his subordinates to the board who had no prior experience serving on a PSB before and were not selected from a selection pool of "all interested employees" who submit applications annually.
>
> 3) None of the members of the PSB received the appropriate, mandatory training required of all new members of a PSB.
>
> 4) All members of a PSB must be elected to 1, 2 or 3-year terms. All of the members of this illegitimate PSB served only for the few weeks it took to conduct the Summary Review.
>
> 5) The Union was not notified of or allowed to express concerns about the members of the PSB as per the 2011 VA AFGE Master Agreement.

20. The PSB recommended termination of the Plaintiff in February of 2019. The decision of the PSB was not sent to the VA Northern California Health Care System Medical Chief of Staff, Dr. William Cahill, for review.

### Conclusion

21. Because the Professional Standards Board who held the Summary Review of the plaintiff was not appointed in accordance with regulations of the VA as required in 38 U.S.C. § 7403, the PSB was illegitimate, as was the Board's recommendation, and the adverse action against the plaintiff was not held in accordance to 38 U.S.C. § 7403.

3

22. Therefore, the plaintiff respectfully prays for judgement against the United States for back pay including base pay, market pay, and performance pay in accordance with 38 U.S.C. §7431, interest accrued from the time of this misjustice, reasonable attorney fees, all recoverable costs incurred herein; prejudgment and postjudgment interest at the applicable legal rate; and any other relief as to which he may show himself justly entitled.

*[signature]*

Steven J. Lalliss, MD

January 31, 2025

4